IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

VICTOR LEVI LONG                                              PLAINTIFF

v.                              Civil No. 15-3065

SHERIFF DANNY HICKMAN                                         DEFENDANT

## OPINION AND ORDER

This is a civil rights action filed by the Plaintiff, Victor Levi Long, under the provisions of 42 U.S.C. § 1983. Long proceeds *pro se* and *in forma pauperis.* He is currently incarcerated in the Randall L. Williams Correctional Facility of the Arkansas Department of Correction. At the times relevant to this Complaint, the Plaintiff was incarcerated at the Carroll County Detention Center (CCDC).

The Defendant, Sheriff Danny Hickman, has filed a Motion to Dismiss (Doc. 13). Plaintiff has not responded to the Motion.

## I. BACKGROUND

On May 26, 2015, when he was in line to get his breakfast tray, Long stepped forward into some spilled juice causing him to fall to the floor. Plaintiff alleges the officers were standing approximately a foot away on the opposite side of the spill and, knowing about the spill, allowed him step forward into it. Plaintiff alleges Sheriff Hickman failed to provide him with a safe environment. Because of the fall, Plaintiff alleges he has a torn anterior cruciate ligament (ACL) in his right knee.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### III. DISCUSSION

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

"A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels*,

-2-

382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875.

Here, there is no allegation that spilled juice was an ongoing problem or that any person had fallen in the same area before Plaintiff fell. In short, there is simply nothing to suggest the Defendant failed to act in the face of a risk of harm to the health or safety of the detainees at the CCDC. *See e.g., LeMaire v. Maass,* 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishments") (citation omitted).

Furthermore, Plaintiff has not alleged that Sheriff Hickman was present, was aware of the spilled juice, knew juice was frequently spilled in this area, or in some way was personally involved in the alleged constitutional violation. To establish personal liability of a supervisory defendant, a plaintiff must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights. *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (*quoting Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006)). No plausible claim is alleged against Sheriff Hickman.

## IV. CONCLUSION

The Defendant's Motion to Dismiss is **GRANTED**. This case will be dismissed without prejudice.

IT IS SO ORDERED on this 29th day of July, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE